UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                                                           CRIMINAL NO. 3:23-CR-23-DJH

LEVELLE O'BANNON                                                                          DEFENDANT

## UNITED STATES' SENTENCING MEMORANDUM
*ELECTRONICALLY FILED*

The United States of America, by counsel, Assistant United States Attorney A. Spencer McKiness, files its memorandum in support of sentencing in this action currently scheduled for March 6, 2024.

### Statutory Sentencing Provisions

A conviction for being a felon in possession of a firearm carries no minimum term of imprisonment, and a maximum term of imprisonment of 10 years. Levelle O'Bannon faces a potential maximum fine of $250,000. The Court may impose supervised release for up to 3 years.

### Criminal History

The United States concurs with the criminal history calculation prepared by the United States Probation Office of a Criminal History I. (DN 36, PSR at para. 44).

### Guideline Calculations and Objection to PSR

The United States made no objections to the guideline calculation of an offense level 17, prepared by the United States Probation Office. (DN 36, at para. 74). The defendant objected to the 4-level enhancement for "use of a firearm in connection with another offense" pursuant to section

2K2.1(B)(6)(b). (DN 37, at p. 2). He also requested the Court not apply the 2-level enhancement for the offense involving three or more firearms pursuant to section 2K2.1(B)(1)(A). (Id. at p. 5).

The government agrees with the defendant that the 2-level enhancement for three firearms should not apply in this case. In the parties' plea agreement, O'Bannon agrees that he possessed the two firearms located in the master bedroom. (DN 28, at para. 3). The parties did not mention the third firearm addressed in paragraphs 12, 13, and 19 of the PSR. The parties did not intend to have the third firearm apply to the guidelines calculation for O'Bannon and left it out intentionally. Although the government does not object to the inclusion of the 2-level enhancement, the parties did not intend for that enhancement to apply in this case.

The government also does not intend to offer any evidence in support of the "use of a firearm in connection with another felony offense" enhancement.

## Appropriate Sentence

The PSR calculated the offense level at 17, with a Criminal History Category of I, and a corresponding sentencing range of 24-30 months. (DN 36, at para. 74). If the subject enhancements are not applied and the offense level is reduced from 17 to 12 with acceptance of responsibility, the sentencing range reduces to 10-16 months imprisonment.

The government agreed, in the plea agreement, to seek a sentence at the lowest end of the guideline range. (DN 28, at para. 11). After the Court determines the appropriate guideline range, the government will seek a sentence at the lowest end of that range.

## Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to sentence O'Bannon to a sentence at the lowest end of the applicable guideline range to be

followed by a 3-year term of supervised release.

              Respectfully submitted,

              MICHAEL A. BENNETT
              United States Attorney

              /s/ *A. Spencer McKiness*
              Assistant U.S. Attorney
              717 West Broadway
              Louisville, Kentucky 40202
              PH: (502) 582-6006
              FAX: (502) 582-5067
              EMAIL: spencer.mckiness@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on February 23, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

              /s/ *A. Spencer McKiness*
              Assistant U.S. Attorney